UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ONE SUBPOENA SERVED BY DEFENDANT LOPEZ UPON HIS DEFENSE ATTORNEY,<br><br>    Defendants. | Civil No. 13cv2417 GPC (NLS)<br><br>**ORDER GRANTING MOTION TO QUASH ONE SUBPOENA SERVED BY DEFENDANT LOPEZ UPON HIS DEFENSE ATTORNEY**<br><br>[Doc. No. 1] |

    This case is an ancillary discovery proceeding related to a subpoena served to obtain discovery for a civil case pending in the Middle District of Florida. Mark Lopez, the defendant in that civil case brought by the SEC, served the subpoena on his own attorney defending him in a criminal action pending in the Southern District of California. (*USA v. Lopez,* Case No. 12cr5236-GPC). In the criminal case, the United States of America (USA) charges Lopez with one count of conspiracy to commit securities fraud and two counts of obstruction of justice.

    A protective order issued in the criminal case that prohibits the sharing of criminal discovery materials with third parties. On September 27, 2013, Lopez, through an attorney representing him in the civil case, issued a subpoena out of this district seeking all discovery provided to Lopez's defense attorney in the criminal case. The USA filed a motion to quash the subpoena. Lopez filed an opposition. The USA filed a reply.

For the following reasons, the court **GRANTS** the motion to quash the subpoena.

## I.   Underlying Litigation

On December 21, 2012, in Case No. 12cr5236-GPC, a federal grand jury indicted Lopez, charging him with one count of conspiracy to commit securities fraud under 18 U.S.C. § 1349, and two counts of obstruction of justice under 18 U.S.C. § 1519. Mem. Ps&As, p.2.  Lopez denies all allegations against him.  Opp'n p.1.

On January 23, 2013, the district judge issued a protective order prohibiting Lopez and his criminal defense attorney, John Kirby, from sharing the criminal discovery materials with third parties. *Id*.  The protective order covers many things, including testimony protected by Federal Rule of Criminal Procedure 6(e), financial information of witnesses, evidence obtained through treaty whose use in the United States is limited, and FBI reports concerning confidential sources of information. *Id*.  John Kirby signed the protective order and agreed to be bound by its terms. *Id*.

Specifically, the protective order requires:

> 4. Discovery produced by the United States in this case shall be for use by criminal defense attorneys appointed to represent Mark Anthony Lopez solely for investigating, preparing for trial, trial, and any appeals of this matter and for no other purpose.
>
> 5. The defense shall be prohibited from distributing, disseminating, disclosing or exhibiting discovery materials to any person other than preparing a defense of this case; including, unless such material is already a matter of public record, to representatives of the media or other third parties.

Mem.Ps&As, Ex A.

On September 27, 2013, through his civil attorney Robert Traylor, Lopez served a subpoena on Mr. Kirby for the civil case *SEC v. Lefkowitz, et al.*, Case No. 12cv1210-T-35MAP, filed more than a year ago in the Middle District of Florida.  The subpoena requests all items the USA provided to Mr. Kirby under the protective order. *Id*.  At a hearing in the criminal case, Mr. Kirby told the district judge "that he would not personally move to quash the subpoena because it could bring him into conflict with his client."  Reply, p.4 n.1.  But if he complies with the subpoena, Mr. Kirby would violate

the protective order, which could also prejudice his client.  Given Mr. Kirby's position, the USA stepped in and filed the motion to quash.  *Id.*

Mr. Traylor discussed the subpoena with Assistant United States Attorney (AUSA) Tim Perry.  Traylor Decl. ¶ 2.  Mr. Traylor states he offered to sign onto the existing protective order, or to sign a new one, so as to address confidentiality and dissemination of the information.  *Id.* ¶ 3.  AUSA Perry stated that the Government would not produce the documents requested in the subpoena.  *Id.* ¶ 9.

## II.  Discussion

### A.  Legal Standard.

Federal Rules of Civil Procedure 26 and 45 govern discovery from nonparties by subpoena.  *See Exxon Shipping Co. v. U.S. Dep't of Interior*, 347 F. 3d 774, 779 (9th Cir. 1994) (applying both rules to motion to quash subpoena).  Under Rule 45, on a timely motion, the issuing court must modify or quash a subpoena that requires disclosure of "privileged or protected matter" not subject to waiver, or if it "subjects a person to undue burden."  Fed. R. Civ. Proc. 45(c)(3)(A)(iii)-(iv).

### B.  Seeking Information Under Protective Order.

In criminal trials, a court may issue a protective order at any time for good cause.  Fed. R. Crim. Proc. 16(d).  The protective order here covers several confidential matters, including grand jury matters.[1]  Mem.Ps&As, Ex. A, ¶1.  Grand jury matters are generally upheld with great secrecy and can only be disclosed to certain designated individuals.  *See* Fed. R. Crim. Proc. 6(e)(2)(3).  The protective order in the criminal case issued under Federal Rule of Criminal Procedure 6(e)(3)(E)(i), which authorizes disclosure of the grand jury matters here to criminal defense counsel because the information is "preliminary to or in connection with a judicial proceeding."  Mem.Ps&As, Ex. A, ¶1.

The district court determined that all the criminal discovery is confidential and can only be disclosed subject to the protective order.  The only reason Lopez's criminal defense attorney possesses this information is because he agreed to be bound by the

---

[1] It is unclear if all, or only some, of the information comes from the grand jury proceedings.

protective order. The use of the information is limited to only the defense of Lopez in his criminal trial. Mem.Ps&As, Ex. A, ¶¶ 4-10. Consequently, this information is confidential and therefore considered "protected matter" under Federal Rule of Civil Procedure 45(c)(3)(A)(iii).

"Protected matter" can only be discovered under Rule 45 if there is an "exception or waiver" of that protection. Fed. R. Civ. Proc. 45(c)(3)(A)(iii). Mr. Kirby has no power to waive the protection. He would violate the protective order if he complies with the subpoena. Because the government requested the protective order, it alone has the power to waive the confidentiality. There government has not waived it. Therefore, because this subpoena requests production of "protected matter" that is not subject to exception or waiver, the court must quash the subpoena.

### C. Burden of Production.

Federal Rule of Civil Procedure 45(c)(3)(A)(iv) prohibits discovery when it "subjects a person to undue burden." Here, Lopez placed his defense attorney, Mr. Kirby, in an impossible position. By issuing the subpoena Lopez forces Mr. Kirby to choose between violating the protective order or contesting his own client's demands. If Mr. Kirby violates the protective order, he could possibly be disqualified from representing Lopez in his criminal case. If he contests the subpoena, he may not be fulfilling his duty to his client. Because this dilemma places an extraordinary burden on Mr. Kirby, it meets the standard of "undue burden," and provides an alternate basis to quash the subpoena.

### III. Order.

Lopez's allegations that the government is attempting to "tactically assist its sister agency, the SEC, in its civil persecution [*sic*] of Mr. Lopez," are unfounded. Opp'n, p.3. There is no evidence the SEC obtained the protected information and is using it to prosecute the civil action. Further, there is no evidence that any other person or entity received this protected information under Federal Criminal Rule of Procedure 6(e)(3)(E)(I).

There are alternate ways Lopez can defend his civil action. For example, he can use the civil discovery process to depose witnesses and propound requests for production and interrogatories. Additionally, Federal Rule of Criminal Procedure 6(e)(3)(F) sets out a procedure to petition the government to disclose a grand jury matter.

The court finds that the subpoena requests protected matter not subject to waiver, and poses an undue burden on the third party it is being requested from. Accordingly, the court **GRANTS** the motion to quash.

**IT IS SO ORDERED.**

DATED: October 24, 2013

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court